COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


FEDERAL MOGUL/BLACKSBURG PLANT
AND
TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS                             MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 2929-95-3                    JUNE 11, 1996

ERNEST LEROY QUESENBERRY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Linda Davis Frith; Monica L. Taylor; Gentry,
                Locke, Rakes & Moore, on briefs), for
                appellants.

                (Joseph J. Steffen, Jr., on brief), for
                appellee.


        Federal Mogul/Blacksburg Plant and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in awarding

permanent partial disability benefits to Ernest Leroy Quesenberry

("claimant").  Employer argues that the commission erred in

finding that claimant proved he had reached maximum medical

improvement.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission if supported by credible evidence are binding upon this Court. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On June 21, 1992, claimant injured his right knee while in the course of his employment. Employer accepted the injury as compensable and claimant received temporary total disability benefits. Claimant returned to work on June 1, 1993. On January 4, 1995, claimant filed his second application for permanent partial disability benefits, his first application having been denied by the commission due to claimant's failure to prove maximum medical improvement.

On June 17, 1993, Dr. John A. Cardea, treating orthopedic surgeon, opined that claimant had sustained a sixty-five percent permanent impairment to his right knee. Dr. Cardea told claimant that a knee fusion or a total knee replacement were the only further treatment he could offer. Claimant refused the knee fusion and told Dr. Cardea that he would consider the total knee replacement. Dr. Cardea explained that, if claimant successfully underwent total knee replacement surgery, his disability would be reduced to thirty percent. However, Dr. Cardea acknowledged that a total knee replacement would not give claimant a lifetime of relief, but only ten to fifteen years at the most.

On October 27, 1993, Dr. S. R. Mackay, another of claimant's treating orthopedists, opined that claimant had reached maximum

medical improvement and that at "some time in the future" he might be a candidate for total knee replacement surgery.

On November 2, 1993, Dr. Cardea opined that claimant had "reached his maximum medical benefit," and that any further benefit would come from a knee fusion or total knee replacement. However, he recognized that both procedures posed "grave risks."

On March 30, 1994, Dr. Mackay opined that claimant might need a total knee replacement at some time in the future, "although this might not be for another several years."  Dr. Mackay also stated that, even if claimant had the total knee replacement surgery, he might not improve and the surgery could increase his disability.  Dr. Mackay deferred for a year determining whether claimant had reached maximum medical improvement.  On May 8, 1995, Dr. Mackay opined that he found no change in claimant's impairment and that it was permanent.  Dr. Mackay stated that "at this time we have determined that the [total knee replacement] is 'not necessary' but might become so in the future."

In awarding permanent partial disability benefits to claimant, the commission found that he had reached maximum medical improvement and had sustained a sixty-five percent impairment to his right knee based upon Dr. Cardea's rating.  The commission rejected employer's contention that claimant had not reached maximum medical improvement because of the possibility that he would undergo total knee replacement surgery at some time

in the future.

In order for the commission to award permanent partial disability benefits pursuant to Code § 65.2-503, "it must appear both that the partial incapacity is permanent and that the injury has reached maximum medical improvement." County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). The commission's decision is supported by credible evidence, including the medical records and opinions of Drs. Cardea and Mackay. They opined that claimant's impairment was permanent and that he had reached maximum medical improvement. Their records support the commission's conclusions that the possibility of claimant undergoing a total knee replacement and of obtaining a positive result was speculative, and that any benefit he might derive from the proposed surgery would not be permanent. Because credible evidence supports the commission's decision, it is binding upon this Court on appeal.

Accordingly, we affirm the commission's decision.

Affirmed.